IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LOWE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:21-CV-01070-CLM |
| DAY & ZIMMERMAN, et al., | ) |
| Defendant. | ) |

### DEFENDANT DAY & ZIMMERMANN NPS's MOTION TO DISMISS

COMES NOW the proper Defendant Day & Zimmerman, NPS (hereinafter "Defendant" or "DZ") and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss Plaintiff Michael Lowe's ("Plaintiff" or "Lowe") Complaint with prejudice. In support of this Motion, DZ states the following:

I. **INTRODUCTION**

This is a discrimination and retaliation case in which Lowe alleges that DZ discriminated against him because of his race, sex, age, and national origin and retaliated against him. Lowe alleges that he was hired by DZ on or about October 6, 2020. Complaint (Doc. 1 at p. 16). He further alleges that on October 14, 2020, he was terminated for having failed a background check. *Id.* at p. 11 (Lowe's EEOC

Charge). Lowe filed his EEOC Charge on or about April 7, 2021. His notice of right to sue was issued on April 13, 2021. Lowe had 90 days, or until July 13, 2021 to file a lawsuit. *Id.* at p. 15 (Lowe Dismissal and Notice of Right to Sue). Lowe filed his lawsuit on August 4, 2021.

Lowe's claims against DZ are due to be dismissed because (1) his Complaint is untimely and thus, he has failed to exhaust his administrative remedies as to any purported discrimination or retaliation claims against DZ; (2) his Complaint is an inappropriate shotgun pleading; (3) Lowe has not pled any facts that, if true, would show DZ discriminated against him based upon his race, sex, age or national origin; and (4) Lowe has not pled that he engaged in protected conduct. In sum, Lowe has failed to plead facts sufficient to state a claim to relief that is plausible on its face. Accordingly, his claims against DZ are due to be dismissed.

II. **STANDARD OF REVIEW**

"In order to survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face,' rather than merely conceivable." *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to make a claim for relief plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Although Rule 8 does not require "detailed factual allegations," the plausibility standard "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Sinaltrainal*, 578 F.3d at 1260 (quoting *Twombly*, 550 U.S. at 555).

"'[A]n unadorned, the-defendant-unlawfully-harmed-me accusation'" is legally insufficient. *Id.* at 1261 (quoting *Iqbal*, 129 S. Ct. at 1949). Instead, factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations and emphasis omitted in original).

Additionally, while courts are directed to construe *pro se* pleadings liberally, this Court is not required to rewrite a deficient pleading in order to sustain an action. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citing *GJR Invs., Inc.*); *Smith v. Fla. Dept. of Corr.*, 369 F. App'x. 36, 38 (11th Cir. 2010) ("[O]nce a pro se litigant is in court, [h]e is subject to the relevant laws and rules of court, including

3

the Federal Rules of Civil Procedure."); *Headley v. United Parcel Serv.*, No. CV 2:19-1604-ACA, 2020 WL 1083193, at *1 (N.D. Ala. Mar. 5, 2020) (citing *Smith* and granting motion to dismiss pro se amended complaint with prejudice).

III. **ARGUMENT**

A. **Lowe's Charge is Untimely.**

"An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act." *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017). "The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Commission]." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). "When the employee receives a notice of dismissal from the Commission, [h]e has 90 days to file a civil action against the employer." *Stamper* at 340 (citing 42 U.S.C. § 2000e-5(f)(1)). *See also Cornett v. Alabama Dep't of Transportation*, 828 F. App'x 565, 567 (11th Cir. 2020) (affirming dismissal of pro se litigant's complaint where his "suit was untimely, as it was filed long after the 90-day deadline for bringing a civil action had expired").

Moreover, an employee's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Holmes v. Alabama Bd. of Pardons & Paroles*, 591 F. App'x 737,

4

745 (11th Cir. 2014) (citing *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)).

Here, Title VII requires Lowe to have filed his Complaint by July 13, 2021. Because he did not file his Complaint until August 4, 2021, he did not meet the 90-day deadline and his Complaint is untimely. Lowe's entire Complaint against DZ should be dismissed with prejudice.

B. **Lowe's Complaint is an impermissible shotgun pleading.**

Instead of specifically alleging the elements supporting each claim in separate counts, Lowe combines multiple claims into rambling handwritten notes and purported affidavits, resulting in a quintessential "shotgun pleading." *See Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (noting "a 'shotgun pleading' is a pleading that 'incorporates every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'")); *see also Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.").

A shotgun pleading such as Lowe's "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citing *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996)). The Eleventh Circuit has repeatedly condemned and dismissed shotgun

5

pleadings. *Yeyille v. Miami Dade Cnty. Public Schools*, 643 Fed. Appx. 882, 884 (11th Cir. 2016); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Court should do so here. *See also Baker v. Hafez Corp.*, No. CIV.A. 13-00641-KD-N, 2014 WL 1760976, at *3 (S.D. Ala. May 2, 2014) (concluding plaintiffs did not state a separate and distinct cause of action under § 1981 for national origin discrimination and dismissing 1981 claim); *Joseph v. Fla. Quality Truss Indus., Inc.,* No. 05-61045 CIV, 2006 WL 3519095, at *3 (S.D. Fla. Dec. 6, 2006) (commenting "national origin and racial/ethnic discrimination claims are distinct claims" and rejecting Plaintiff's national origin claim is intertwined with race); *Howell v. Morrison Mgt. Specialists, Inc.*, Case No. 4:11-CV003147-HGD, Doc. No. 14 (N.D. Ala. Aug. 29, 2012) (instructing plaintiff that she was "prohibited from incorporation of all previous allegations and causes of action as a precursor to stating a particular claim" and that she was "required to identify the federal statute under which she [was] proceeding" and "to separately, directly, clearly and concisely set out the claim, theory and allegations underlying each and every discrete claim in a logical manner").

Lowe altogether disregards the Federal Rules of Civil Procedure's requirement that claims be plead in separate counts. *See* Rule 10(b). Lowe's Complaint contains no delineated counts or statement of facts. By failing to plead his claims into separate and distinct counts, DZ cannot possibly discern whether

4840-1913-2409v1
2850012-000083 09/08/2021

Lowe is asserting each purported adverse action as a separate claim, whether the legal theory underlying the claim is based upon purported race, sex, age, or national origin discrimination, or retaliation, and what facts, if any, support each of his claims.

Pursuant to the Eleventh Circuit's prohibition of shotgun pleadings, Lowe should not be allowed to force DZ (as well as this Court) to divine the nature of his claims and the supporting facts. Thus, the Court should dismiss all claims asserted in Lowe's Complaint with prejudice.

C. **Lowe fails to allege facts supporting race, sex, age, or national origin discrimination or retaliation.**

Even if Lowe's Complaint is timely or is not a shotgun pleading, he has not adequately pled his claims for national origin, race, sex, or age discrimination, or retaliation. Lowe provides no factual detail, about how he was treated less favorably than non-Native American, non-black, younger, or female employees. Pursuant to the pleading standards established by the Supreme Court in *Twombly* and *Iqbal*, the Eleventh Circuit has recognized that, "complaints in all [civil] cases … must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707, n. 2 (11th Cir. 2010) (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (internal quotations omitted). Accordingly, the Eleventh

7

Circuit has repeatedly held that discrimination plaintiffs must provide factual detail in the complaint that, if true, would establish they were treated less favorably than comparator employees based upon the protected characteristic at issue. *Uppal v. Hosp. Corp. of Am.*, 482 Fed. Appx. 394, 396 (11th Cir. Fla. 2012) (affirming dismissal when plaintiff failed to provide "factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class" and instead relied on a formulaic recitation of the elements); *Pouyeh v. Bascom Palmer Eye Inst.*, 613 Fed. App'x 802, 811 (11th Cir. 2015) (affirming dismissal of employment discrimination claim because plaintiff "failed to provide sufficient factual matter").

Lowe blanketly asserts that he was discriminated against because he is Native American and African American because he was terminated due to a background check. However, Lowe does not allege that employees outside of his protected class were treated more favorably or that any DZ decisionmaker involved in taking any disciplinary action against him exhibited discriminatory bias toward him based upon his age, sex, national origin or race. Simply, Lowe's Complaint is devoid of factual allegations that, if true, would state plausible claims against DZ.

Moreover, in order to state claim for retaliation, Lowe must plead sufficient facts to show he was retaliated against for opposing race-based, age, sex or national origin discrimination. *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1412-13

8

4840-1913-2409v1
2850012-000083 09/08/2021

(11th Cir. 1998). Retaliation claims based upon vague and conclusory allegations that the employee "opposed unlawful employment practices" do not meet the *Iqbal* standard and should be dismissed. *See Desrouleaux v. Quest Diagnostics, Inc.*, 2009 U.S. Dist. LEXIS 38674, at *6 (S.D. Fla. Apr. 10, 2010) (granting employer's motion to dismiss retaliation claim where the plaintiff failed to describe the alleged unlawful practices except as conclusory allegations).

Here, there is no allegation that Lowe opposed any discriminatory employment practices by DZ, only that he filed an EEOC Charge claiming retaliation. Lowe's EEOC Charge does not allege he complained to DZ of any race, age, or sex-based discrimination or national origin discrimination. Thus, his EEOC Charge does not establish that he engaged in protected conduct. Because there is no allegation that Lowe engaged in protected conduct, his retaliation claim against DZ is due to be dismissed with prejudice.

IV. **CONCLUSION**

Lowe's Complaint is untimely and is due to be dismissed on that ground alone. In the alternative, Lowe's Complaint is a shotgun pleading that fails to notify DZ of the number and nature of his claims or the supporting allegations and it should be dismissed in its entirety. In addition, even taking Lowe's factual allegations as true for the purposes of this Motion, he also fails to plead facts that raise a reasonable inference of actionable discrimination or retaliation. Therefore, DZ respectfully

4840-1913-2409v1
2850012-000083 09/08/2021

moves the Court to grant its Motion to Dismiss and dismiss all of Lowe's claims with prejudice, and tax costs against Lowe.

Respectfully submitted this the 8th day of September, 2021.

                                           *s/Jenna M Bedsole*
                                           Jenna M. Bedsole
                                           Sharonda Fancher
                                           Attorneys for Defendant

OF COUNSEL:

Baker, Donelson, Bearman,
  Caldwell & Berkowitz, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203
(205) 328-0480 Telephone
(205) 322-8007 Facsimile
jbedsole@bakerdonelson.com
sfancher@bakerdonelson.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2021, a true and correct copy of the foregoing was served by electronically filing same with the CM/ECF electronic filing system of the United States District Court for the Northern District of Alabama upon the following parties:

Michael Lowe
1002 Montana Street, Apt 1
Dothan, AL 36303

Yuri R. Linetsky (ASB-3088-B20W)
P.O. Box 870392
Tuscaloosa, Alabama 35487
P: (205) 348-1736
F: (205) 348-6851
ylinetsky@law.ua.edu
Counsel for Kalkreuth Roofing & Sheet Metal, Inc.

Plant Vogtle
7825 River Road, Unit 3
Waynesboro, Georgia 30830

Plant Farley
7383 N. State Highway 95
Columbia, Alabama 36343

Savannah River Site
704-44H
Aiken, South Carolina 29808

Michael Steins Local 136 Roofing & Cable Proofers
374 Maynard Terrace, SE, Box 4
Atlanta Georgia 30316

11

Local Union Labor 559
1229 22nd Street north
Birmingham, Alabama 35234

M. Tae Phillips (Bar #ASB-6565-W74P)
Ogletree, Deakins, Nash, Smoak & Stewart
420 20th Street North, Suite 1900
Birmingham, Alabama
Tae.phillips@ogletree.com
(205) 714-4409
Counsel for C.E. Bourne & Co., Inc.

William H. Floyd, III (Fed. ID 1580 (DSC))
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Post Office Drawer 2426
Columbia, South Carolina 29202
WFloyd@nexsenpruet.com
(803) 771-8900
Counsel for C.E. Bourne & Co., Inc.

Equifax Workforce Solutions
PO Box 182366
Columbia, Ohio 43218

National Labor Relations Board
1099 14th Street NW
Washington, D.C. 20570

Champion Roofing Company
3036 SW 10th Street
Fort Lauderdale, Florida 33312


                                                    /s *Jenna M. Bedsole*
                                                    OF COUNSEL