UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL L. LOWE,**<br>    Plaintiff,<br><br>v.<br><br>**DAY & ZIMMERMAN,** *et al.*,<br>    Defendants. | **Case No. 2:21-cv-1070-CLM** |

## MEMORANDUM OPINION

Michael L. Lowe, proceeding pro se, sues Day & Zimmerman, Kalkreuth Roofing, Plant Vogtle, Plant Farley, Savannah River Site, Michael Steins Local 136 Roofing & Cable Proofers, Laborers Local Union 559, C.E. Bourne, Equifax Workforce Solution, National Labor Relations Board, and Champion Roofing Company. In his Complaint, Lowe asserts that one or more defendants: (1) violated his Equal Protection rights in hiring, promotions, equal pay, and on-the-job training; (2) conspired to deprive him of his right to equal employment under the law; (3) retaliated against him for his union activities; and (4) discriminated against him because of his age. (Doc. 1.) These defendants moved to dismiss: Kalkreuth Roofing (doc. 11), C.E. Bourne (doc. 14), Day & Zimmerman (doc. 16), Laborers Local Union 559 (doc. 17), and Michael Steins (doc. 32). These defendants have not appeared in the lawsuit: Plant Vogtle, Plant Farley, Savannah River Site, Equifax Workforce Solution, National Labor Relations Board, and Champion Roofing Company.

Lowe also filed a document titled "Notice of Sovereign Motion to Dismiss for Lack of Jurisdiction." (Doc. 40.) Kalkreuth Roofing moved to Strike this filing (doc. 41).

For the reasons stated within, the court will **GRANT** Kalkreuth Roofing's Motion to Strike Lowe's extraneous filing (doc. 41) and will **GRANT** the Defendants' Motions to Dismiss (docs. 11, 14, 16, 17, 32).

Under 28 U.S.C. § 1915, the court will also **DISMISS** the claims against the defendants who have not appeared in the case. ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.")

## BACKGROUND

Through his membership with the United Union of Roofers, Waterproofers, and Allied Workers Local 136, AFL-CIO, Lowe obtained employment with Kalkreuth Roofing, working on a roofing project at the Vogtle Nuclear Plant in Waynesboro, Georgia. Lowe began working for Kalkreuth Roofing at the Vogtle Plant in January 2020. In February 2020, Lowe complained to a manager that a fire-watch employee should be overseeing the safety of employees engaged in torching the roof. The project ended in April 2020. Lowe was the only union member that worked on the job until the project ended.

Around July 2020, Lowe learned that every other employee who had worked on the Plant Vogtle project was called back to work on other projects; Lowe was not called back. In fall of 2020, the Union filed a grievance against Kalkreuth Roofing, asserting that Kalkreuth Roofing refused to return Lowe to work. Around December 16, 2020, Lowe attended a grievance meeting where Nick Fiore—a company representative—told him that the grievance was untimely. The Union argued that the grievance was not untimely. In February 2021, the company formally denied the grievance. Michael Steins, the Union's International Vice President, informed Lowe that he (Steins) and the International President determined that the grievance was untimely, and they declined to proceed with the grievance process.

In early October 2020, Laborers Local Union 559 referred Lowe to Day & Zimmerman. Lowe sought employment with Day & Zimmerman to work on a project at the Farley Nuclear Plant in Alabama. Day & Zimmerman made Lowe a conditional offer of employment. But Day & Zimmerman terminated Lowe's employment on October 13, 2020,

citing the results of Lowe's background check as the reason for termination. Laborers Local Union 559 did not pursue a grievance on Lowe's behalf. Lowe filed a claim with the Equal Employment Opportunity Commission ("EEOC"), asserting Title VII, Age Discrimination, and Retaliation claims against Day & Zimmerman and Laborers Local Union 559. The EEOC issued a right to sue letter on April 13, 2021, granting Lowe the right to file a Title VII, Age Discrimination, and Retaliation lawsuit against Day & Zimmerman and Laborers Local Union 559 within 90 days of receipt of the notice. (Doc. 1, p. 15.) Lowe filed this lawsuit on August 4, 2021.

## STANDARD OF REVIEW

On Rule 12 motions to dismiss, the court accepts the allegations in Lowe's complaint as true and construes them in the light most favorable to Lowe. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). Lowe is a pro se litigant, so his pleadings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But the court need not accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The ultimate question is whether all of Lowe's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Id.* at 678–79. If the facts as pleaded could entitle Lowe to relief, then the court must deny the defendants' motions to dismiss. If, however, the court accepts all of Lowe's pleaded facts as true, and Lowe still would not be entitled to relief, then the court must grant the motions.

## ANALYSIS

### I. Motion to Strike Pleading

Lowe filed a document titled "Notice of Sovereign Motion to Dismiss for Lack of Jurisdiction," asserting that Kalkreuth Roofing's attorneys lack jurisdiction to file a motion to dismiss. (Doc. 40.) Kalkreuth Roofing moved to strike Lowe's filing as an impermissible sur-reply. (Doc. 41.) Sur-replies "can only be filed with leave of court and are ordinarily

stricken if no such leave is requested or received." *Fisher v. Ciba Specialty Chemicals Corp.*, 2007 WL 2995525, at *2 (S.D. Ala. Oct. 11, 2007); *see also Staten v. Federal Ins. Co.*, 2021 WL 4458875, at *1 (N.D. Ala. Sept. 29, 2021) (concluding that the court "will not consider" arguments presented in a sur-reply filed without seeking leave of court). Lowe filed this notice without leave of the court. Though not labelled a sur-reply, Lowe's filing is an impermissible sur-reply. So the court will grant Kalkreuth Roofing's motion to strike this filing.

## II. Motions to Dismiss

The court will now address the defendants' motions to dismiss. Rather than address the motions separately, the court will discuss the common bases for the motions to dismiss. The defendants argue that the court should dismiss Lowe's Complaint because: (A) Lowe's Complaint fails to state a claim upon which relief can be granted; (B) Lowe's Complaint is an impermissible shotgun pleading; (C) the court lacks personal jurisdiction over some defendants; (D) this is not the proper venue; (E) the court lacks subject matter jurisdiction over this action; (F) Lowe failed to timely file his Complaint; and (G) Lowe cannot hold a union official personally liable. (Docs. 11, 14, 15, 16, 17, 18, 32, 33.) As described below, there are several independent bases sufficient to dismiss this case. The court will address the defendants' arguments in favor of dismissal. The court will also address the validity of the claims against the defendants who have not appeared in this action. *See* 28 U.S.C. § 1915. But the court will not address the claims and factual allegations that Lowe raised for the first time in his response to the defendants' motions to dismiss. *See Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007) (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

### A. Lowe's Complaint fails to state a claim upon which relief can be granted.

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." FED. R. CIV. P. 8(a). To survive a motion to dismiss, a plaintiff's complaint

must also provide "a short and plain statement of the claim . . . [to] give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must include "enough [factual allegations] to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Lowe labelled his Complaint "Certificate of Service." The Complaint lists Lowe as the claimant and lists the defendants as wrongdoers. Then it states:

> (1) This certifies that I will serve a copy of this claim against all parties of violating Equal Protection Rights In Hiring & Promotions & Equal Pay, & On The Job Training.
>
> (2) Also conspiring to deprive Lowe under 18 USC § 241 & 242 by injuring, oppressing & threatening him to the free exercise of his rights to Equal Employment under the Common Law & U.S. Fed & State Const.
>
> For Retaliation of Him For His Union Activities. See Also Title VII Civil Rights Act of 1964 (Age Discrimination In Employment).

(Doc. 1, pp. 1–3) (no alterations made to original text).

Then Lowe's Complaint lists the defendants' mailing addresses. The Complaint does not state causes of action, plead elements, include factual allegations, or include a prayer for relief. The court will dismiss Lowe's Complaint in its entirety because it "fail[s] to plead any of the essential elements" of a cause of action. *See Lane v. Bayview Loan Servicing LLC*, 2018 WL 6446643, at *7 (N.D. Ala. Dec. 10, 2018); *Perry v. Matrix Fin. Servs. Corp.*, 2019 WL 1597883, at *6 (N.D. Ala. Apr. 15, 2019).

5

Lowe also included several attachments to his Complaint: (1) a "Confidential Witness Affidavit"; (2) two "Affidavits of Facts/Statements of Facts"; (3) correspondence between Lowe and the EEOC; (4) a document titled "Notice of Attachment & Amendment to Supreme Ct. Title VII Retaliation Proof But-For Causation"; (5) Day & Zimmerman's electronic Personal History Questionnaire Notice; (6) the Equal Employment Opportunity Commission's ("EEOC") dismissal and right-to-sue letter; and (7) Day & Zimmerman's Employee Information Form. Even if the court were to consider the documents that Lowe attached to the Complaint and try to decipher claims from the attached documents, Lowe still fails to state a claim against the defendants:

- Lowe identifies defendants C.E. Bourne, Equifax Workforce Solutions, and Champion Roofing Company as wrongdoers in the Complaint. After that initial identification, neither the Complaint nor any of the attached documents mention these defendants at all. So the court will dismiss all claims against C.E. Bourne, Equifax Workforce Solutions, and Champion Roofing Company.
- Lowe identifies the National Labor Relations Board ("NLRB") as a wrongdoer in the Complaint. But other than identifying the NLRB as a wrongdoer in the initial caption, Lowe only refers to the NLRB in one other place throughout his submitted documents. Lowe submitted a Confidential Witness Affidavit that states, "I have been given assurance by an agent of the National Labor Relations Board (NLRB) that this Confidential Witness Affidavit will be considered a confidential law enforcement record by the NLRB and will not be disclosed unless it becomes necessary to produce this Confidential Witness Affidavit in connection with a formal proceeding." (Doc. 1, p. 4.) Lowe does not make any claims or provide any factual allegations to support that the NLRB engaged in any wrongful conduct. So the court will dismiss all claims against the NLRB.
- Lowe identifies Plant Vogtle, Plant Farley, and Savannah River Site as wrongdoers in the Complaint. In Lowe's document titled "Notice of Attachment & Amendment To Supreme Ct. Title VII Retaliation

6

Proof But-For Causation," Lowe states that he was "blackballed to never be allowed to work at . . . Plant[] Farley, Savannah River Site, Plant Vogtle or any other sites." (Doc. 1, p. 13.) This is the only reference—other than the initial identification—to Savannah River Site. This statement does not suggest who allegedly blackballed Lowe from working at these sites and is insufficient to state a claim against any of the plants. In the other documents, Lowe also states that Kalkreuth Roofing hired him to work on a roofing project at Plant Vogtle and that Day & Zimmerman conditionally hired him to work on a roofing project at Plant Farley. (Doc. 1, pp. 4, 9.) Lowe does not make any claims or factual assertions to support that the plants took any discriminatory action against him, retaliated against him, or engaged in any other wrongful conduct. So the court will dismiss all claims against Plant Vogtle, Plant Farley, and Savannah River Site.

- Lowe identifies Kalkreuth Roofing, Michael Steins, Day & Zimmerman, and Laborers Local Union 559 as wrongdoers in his Complaint. These claims fail because even though Lowe's additional documents do reference these parties: (1) Lowe does not identify any claims or causes of action; and (2) Lowe fails to plead facts to support the claims that the court thinks Lowe may have intended to claim.
    - Courts construe pro se pleadings liberally, but a court need not rewrite a deficient pleading to sustain an action. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). Lowe's Complaint and attached documents identify no claims or causes of action, and the court declines to rewrite Lowe's Complaint to identify causes of action.

- o "[C]omplaints in all [civil] cases . . . [must] contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707, n. 2 (11th Cir. 2010) (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)) (internal quotations omitted). It seems to the court that Lowe may have intended to assert claims for national origin, race, sex, or age discrimination, and that Lowe may have intended to assert claims for retaliation against some or all of these defendants. In the Eleventh Circuit, a discrimination plaintiff must provide factual detail in the complaint that, if true, would establish that the plaintiff was treated less favorably than comparator employees based on the protected characteristic(s) at issue. *Uppal v. Hospital Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012). Even if Lowe intended to assert discrimination claims, Lowe failed to allege any facts about how he was treated less favorably than non-Native American, non-black, younger, or female employees. To state a claim for retaliation, a plaintiff must plead that he engaged in protected activity—*i.e.*, that he opposed race-based, age, sex, or national origin discrimination. *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1412–13 (11th Cir. 1998). Lowe failed to allege any facts that he engaged in protected activity.

Because Lowe's Complaint and associated documents fail to identify claims or causes of action and contain no factual allegations to support the elements of the presumed claims, the court will dismiss all claims against the defendants.

### B. Lowe's Complaint is an impermissible shotgun pleading.

Both the Federal Rules of Civil Procedures and Eleventh Circuit precedent prohibit the use of shotgun pleadings. FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 10(b); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313,

1321 (11th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Eleventh Circuit has identified four types of shotgun pleadings: (1) a complaint that contains multiple counts where each adopts the allegations of all preceding counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate "into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

Even if the court considers the documents that Lowe attached to his Complaint and tries to decipher claims from the attached documents, the Complaint is an impermissible shotgun pleading that fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1320. Lowe's Complaint and attached documents are not separated into distinct counts or causes of action. The attached documents are filled with conclusory language—*e.g.*, "[B]eing of Origee African American descent [Lowe] was discriminated against by his White employer's [sic] . . . ." (Doc. 1, p. 12.) Further, the Complaint and attached documents do not specify which defendant took which action, which facts apply to which defendant, and which claims are brought against which defendant. Thus, Lowe's Complaint—even if construed to include the attached documents—is an impermissible shotgun pleading. Because there are other independent bases on which the court will dismiss this action, the court need not grant Lowe an opportunity to amend his Complaint to remedy the shotgun-pleading issues.

### C. The court lacks personal jurisdiction over several defendants.

Federal Rule of Civil Procedure 8(a)(1) requires the plaintiff to include a jurisdictional statement that sets forth the grounds for

jurisdiction. Lowe failed to include a jurisdictional statement in his Complaint. Day & Zimmerman, Plant Farley, and Laborers Local Union 559 appear to be based in Alabama. But as far as the court can tell, all other defendants are nonresident defendants. "[T]he plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant." *Id.* (citing *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988)).

Not only did Lowe fail to establish a prima facie case of personal jurisdiction over the nonresidents, but some defendants provided their residency information and stated that they lack sufficient contacts with Alabama to support personal jurisdiction. Lowe did not refute these assertions, so these facts are not in dispute:

- Kalkreuth Roofing participated in a construction project at Plant Vogtle in Georgia. Kalkreuth Roofing is a West Virginia corporation with its principal place of business in Wheeling, West Virginia. Kalkreuth Roofing does not have office or warehouse space in Alabama, does not own real property in Alabama, did not do business in Alabama, and committed no acts in Alabama related to Lowe's claims.
- C.E. Bourne is incorporated and has its principal place of business in South Carolina. C.E. Bourne does not do business in Alabama, has no employees in Alabama, and has no contacts with Alabama related to Lowe's claims.
- Michael Steins resides in Georgia. He has never performed work in Alabama. Steins does not have a presence in Alabama or contacts with Alabama related to Lowe's claims.

Lowe's Complaint does not show (or even allege) that the court has personal jurisdiction over any of the nonresident defendants. Because Lowe fails to establish a prima facie case that this court has personal jurisdiction over any of the nonresident defendants, the court must dismiss the claims against the defendants who provided evidence to show that the court does not have personal jurisdiction over them. Accordingly,

the court will dismiss the claims against Kalkreuth Roofing, C.E. Bourne, and Michael Steins for lack of personal jurisdiction.

### D. This is not the proper venue for claims associated with work at Plant Vogtle.

Under 28 U.S.C. § 1391, venue is proper in these districts:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, all defendants are not residents of Alabama. It appears to the court that Lowe is complaining about two distinct sets of transactions or occurrences: (1) that he was not called back for additional work on projects after he completed the project at Plant Vogtle in Georgia; and (2) that he was terminated because he failed a background check after being granted conditional employment status at Plant Farley in Alabama. Though a substantial part of the events or omissions related to Lowe's termination from employment at Plant Farley occurred in Alabama, the events or omissions related to Lowe not being called back for work after completing the project at Plant Vogtle occurred outside Alabama.

Because Lowe's grievances are about two unrelated sets of events, they should not be combined into one lawsuit. The court agrees that claims related to Lowe's dispute following his work at Plant Vogtle in Georgia are not in the proper venue. But the court need not consider a transfer of venue because the court is dismissing the action on other grounds.

### E. The court lacks subject matter jurisdiction over the action.

There are two primary sources for subject-matter jurisdiction: diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction exists where every plaintiff is a citizen of a different state than every defendant and the claim exceeds $75,000. 28 U.S.C. § 1332. Federal question jurisdiction exists when a litigant brings a claim that arises under federal law. 28 U.S.C. § 1331. "Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include a 'short and plain statement of the grounds for the court's jurisdiction.'" *Miccosukee Tribe of Indians v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1275 (11th Cir. 2010). Lowe's Complaint does not include information about his citizenship and the citizenship of all Defendants and does not state whether the relief he is seeking exceeds $75,000. So Lowe failed to establish diversity jurisdiction.

The court now turns to whether Lowe's Complaint properly establishes federal question jurisdiction. Lowe's Complaint alludes to federal statutes and the U.S. Constitution. But a plaintiff does not establish federal question jurisdiction "merely by citing the federal statute [the defendants have] allegedly violated." *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002). "[A] plaintiff's complaint still must 'claim a right to recover under the Constitution and laws of the United States.'" *Miccosukee Tribe*, 607 F.3d at 1273 (quoting *Bell v. Hood,* 327 U.S. 678, 681 (1946). The Defendants assert that though Lowe references 18 U.S.C. §§ 241 and 242,[1] Title VII, and the U.S. Constitution, his Complaint does not properly plead federal question jurisdiction because he does not identify which sections of these laws were allegedly violated or specify how, when, or by whom the laws were allegedly violated. The court agrees that Lowe failed to state the basis for the court's subject matter jurisdiction, as required by the Federal Rules of Civil Procedure

---

[1] Lowe's effort to state a cause of action based on a purported conspiracy violating 18 U.S.C. §§ 241 and 242 is misplaced. These statutes are criminal statutes and do not provide a civil cause of action. *Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014); *see also Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).

12

and Eleventh Circuit precedent. So the court will dismiss the action for lack of subject matter jurisdiction.

### F. Lowe's Title VII and Age Discrimination claims against Zimmerman & Day and Laborers Local Union 559 are untimely.

"An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act . . . ." *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017). "When the employee receives a notice of dismissal from the Commission, [h]e has 90 days to file a civil action against the employer." *Id.* at 1340 (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Cornett v. Alabama Dep't of Transp.*, 828 F. App'x 565, 567 (11th Cir. 2020) (affirming dismissal of a pro se litigant's complaint where his "suit was untimely, as it was filed long after the 90-day deadline for bringing a civil action had expired"). A plaintiff is presumed to have received the mailing three days after its issuance. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984).

On April 7, 2021, Lowe filed an EEOC charge against Day & Zimmerman and Laborers Local Union 559, alleging that these defendants: (1) discriminated against him because of his race, sex, age, and national origin; and (2) retaliated against him. The EEOC issued Lowe a notice of dismissal and a right to sue on April 13, 2021; under the right-to-sue, Lowe had 90 days from receipt of the right to sue letter to file a lawsuit. (Doc. 1, p. 15.) Lowe filed this lawsuit on August 4, 2021. Because Lowe did not timely file this lawsuit, the court will dismiss the claims against Day & Zimmerman and Laborers Local Union 559. *See Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 867 (11th Cir. 2020).

### G. The Claims Against Michael Steins Fail Because Union Officials Cannot Be Held Personally Liable for Union Activities.

Under 29 U.S.C. §185(b), "[a]ny money judgment against a labor organization . . . shall not be enforceable against any individual member or his assets." Lowe sued Steins in his personal capacity as an officer of Local 136 Roofers and Cable Proofers. As federal law prohibits union officers from being held personally liable for union actions, the court will dismiss all claims against Michael Steins. *See Atkinson v. Sinclair Refin. Co.*, 370 U.S. 238 (1962).

### CONCLUSION

For the reasons listed above, the court will **GRANT** Kalkreuth Roofing's Motion to Strike Lowe's Extraneous Filing (doc. 41) and will **GRANT** the Defendants' Motions to Dismiss (docs. 11, 14, 16, 17, 32) the plaintiffs' complaint (doc. 1). Under 28 U.S.C. § 1915, the court will sua sponte **DISMISS** the claims against all Defendants who have not appeared in the case.

The court will enter a separate order that carries out this ruling.

**DONE** on April 20, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE